UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 17-CR-49-LJV-MJR |
| | REPORT, RECOMMENDATION, |
| | AND ORDER |
| -v- | |
| ANDREW GARNER, | |
| Defendant. | |

_____

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 12).

## BACKGROUND

On March 2, 2017, a federal grand jury in the Western District of New York returned an eleven count Indictment against Andrew Garner and Juan Pacheco, Jr. (*See* Dkt. No. 1). Garner is charged with seven counts: Count 1 (Conspiracy to Distribute Cocaine, Methamphetamine, and Marijuana); Counts 6-8 (Distribution of Cocaine); Count 9 (Possession of Cocaine with Intent to Distribute); Count 10 (Possession of Marijuana with Intent to Distribute); and Count 11 (Maintaining a Drug-Involved Premises). On July 21, 2017, defense counsel A. Joseph Catalano filed several pre-trial motions on behalf of Garner, namely, motions: (1) to dismiss the Indictment; (2) to suppress evidence seized pursuant to a search warrant; (3) for a bill of particulars; (4) for discovery; (5) to reveal the identities of informants; (6) for leave to join in his co-defendant's motions; (7) to compel the production of *Brady* material; (8) for severance; (9) for disclosure of Jencks Act materials; and (10) for leave to file other motions. (Dkt. No. 27). The government responded to Garner's motions and filed its own motion for reciprocal discovery. (Dkt.

No. 32). Oral argument on the motions was scheduled for August 28, 2017, but on that date the Court granted Mr. Catalano's request for leave to file amended motions. (Dkt. No. 39). Without filing any amended motions, Mr. Catalano moved to withdraw as counsel (Dkt. No. 43), and the Court granted the request (Dkt. No. 44) and appointed Kevin W. Spitler to represent Garner (Dkt. No. 45). The Court thereafter granted Mr. Spitler's request for leave to file additional/supplemental motions on behalf of Garner. (Dkt. No. 52). Mr. Spitler then withdrew that request, asked the Court to hear oral argument on the pre-trial motions that Mr. Catalano had previously filed on behalf of Garner, and submitted additional briefing in support of those motions. (Dkt. Nos. 53, 53-1). The Court granted Mr. Spitler's request (Dkt. No. 54) and heard oral argument on Garner's pre-trial motions on November 15, 2017 (Dkt. No. 55).

## DISCUSSION

The Court will address Garner's dispositive motions to dismiss the Indictment and suppress evidence before turning to his non-dispositive pre-trial motions and the government's motion for reciprocal discovery.

I. *Motion to Dismiss the Indictment*

Garner argues that Count 1 of the Indictment should be dismissed because there is no evidence that he conspired with his co-defendant, that Counts 6-8 should be dismissed because the "Undercover Buy Sheets" for the controlled buys at issue in those counts refer to crack cocaine, not cocaine as alleged in the Indictment, and that Count 11 should be dismissed because he was not present at the alleged drug-involved premises set forth in that count. (*See* Dkt. No. 53-1 at 3-5).

A defendant may not challenge a facially valid indictment on the ground that the grand jury acted on insufficient evidence. *See United States v. Williams*, 504 U.S. 36, 54-55 (1992). He must instead "await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary insufficiency." *United States v. Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992). Garner's request for dismissal of Counts 1, 6-8, and 11 of the Indictment is premised upon a supposed lack of evidence, which is not a basis for dismissal at this stage of the action. *See Williams*, 504 U.S. at 54-55. Garner's contention that the government misled the grand jury as to the controlled substance at issue in Counts 6-8 of the Indictment is also not a basis for dismissal because it is unsupported by any evidence suggesting misconduct on the part of the government. *See United States v. Basciano*, 763 F. Supp. 2d 303, 316 (E.D.N.Y. 2011) ("[Defendant's] allegations of 'government misconduct' before the grand jury are insufficient to require dismissal of the . . . Indictment or disclosure of the grand jury minutes because they are based entirely on speculation rather than fact."); *see also United States v. Broward*, 594 F.2d 345, 351 (2d Cir. 1979) (noting that dismissal of an indictment on the ground of government misconduct will be upheld "only in very limited and extreme circumstances"). Accordingly, it is recommended that Garner's motion to dismiss the Indictment be denied.

II.     *Motion to Suppress Evidence*

Garner moves to suppress evidence seized from 840 East 2nd Street, basement apartment, Jamestown, New York on May 19, 2016 pursuant to a search warrant issued by a Jamestown City Court Judge on May 17, 2016.[1] Garner argues that the affidavit of

---

[1] Neither the government nor Garner filed the search warrant, search warrant application, or search warrant inventory. The Court has thus attached these documents in connection with the instant Report, Recommendation, and Order.

Jamestown Police Department Detective S. Promber submitted in support of the search warrant application does not establish probable cause for the search because it purportedly relies on false statements made by an unreliable confidential informant. (Dkt. No. 53-1 at 3-5).

### A. *Request for a Hearing*

During oral argument on Garner's pre-trial motions, defense counsel requested a hearing as to whether the Jamestown City Court Judge properly concluded there was probable cause to search the apartment. Garner's request for a hearing is denied because whether or not there was probable cause for the search is a question of law, not a question of fact that might necessitate an evidentiary hearing. *See United States v. Billups*, 181 F. App'x 79, 82 (2d Cir. 2006) (summary order).

### B. *Probable Cause*

The Fourth Amendment requires a valid search warrant to be issued "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause is 'a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . ., including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (alteration in original) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "In considering the quantum of certainty required, it is only a probability, and not a prima facie showing of criminal activity, that is the standard of probable cause." *United States v. Travisano*, 724 F.2d 341, 346 (2d Cir. 1983). "A reviewing court must accord

substantial deference to the finding of an issuing judicial officer that probable cause exists," asking solely "whether the issuing judicial officer had a substantial basis for the finding of probable cause." *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993). Doubts regarding the existence of probable cause should be resolved in favor of upholding the search warrant. *Travisano*, 724 F.2d at 345.

Detective Promber's affidavit allowed the Jamestown City Court Judge to properly conclude there was probable cause to search the basement apartment. Detective Promber states in his affidavit that on May 12, 2016, a confidential informant who had previously identified Garner advised Detective Promber that s/he had arranged to purchase $40 of crack cocaine from Garner at the basement apartment. Detective Promber searched the informant, gave the informant $40 for the purchase, equipped the informant with an electronic audio transmitter, and observed the informant travel to the apartment. Detective Promber and his fellow officers observed the informant enter the apartment and heard the informant and Garner engage in a brief, drug-related conversation inside the apartment during which Garner sold the informant a quantity of crack cocaine for $40. The officers then observed the informant leave the apartment and travel to a pre-arranged location, where the informant gave Detective Promber two pieces of what appeared to be unpackaged crack cocaine. The informant advised Detective Promber that s/he paid Garner $40 for the drugs. Detective Promber later field tested the substance and obtained a positive result for the presence of cocaine.

The information provided by the confidential informant regarding Garner and the drug transaction is reliable and sufficient to support a finding of probable cause given that Detective Promber and his team observed the informant travel to the apartment to

purchase drugs from Garner, heard a drug transaction take place over the electronic audio transmitter, and met with the informant to obtain the drugs immediately after the informant left the apartment. *See Wagner*, 989 F.2d at 73 ("An informant's participation in supervised drug purchases is powerful corroborative evidence for purposes of determining probable cause."). The veracity of the confidential informant is further supported by Detective Promber's statement in his affidavit that he recently utilized other information from the informant that proved to be truthful and reliable. *See United States v. Gonzalez*, 835 F.2d 449, 451 (2d Cir. 1987) (finding probable cause supported by information provided by an informant who had previously given the police reliable information).

Contrary to Garner's argument (Dkt. No. 53-1 at 4-5), the Jamestown City Court Judge could properly rely on Detective Promber's account of his conversations with the informant in lieu of taking sworn testimony from the informant. *See Franks v. Delaware*, 438 U.S. 154, 165 (1978) ("[P]robable cause may be founded upon hearsay and upon information received from informants . . . ."). Detective Promber's alleged failure to search the informant's body cavities for drugs prior to the controlled purchase (Dkt. No. 53-1 at 4-5) likewise does not defeat probable cause. *See United States v. Taggart*, No. 4:07CR00142JLH, 2008 WL 2705109, at *2 (E.D. Ark. July 8, 2008) ("Although it is true that on neither occasion did the officers search the confidential informant's undergarments or body cavities, the law does not require that an affidavit sufficient to support a search warrant based upon controlled buys by a confidential informant exclude all possibility that the confidential informant may have hidden the controlled substance in an undergarment or body cavity."). Probable cause requires a probability of criminal

activity, not absolute certainty as Garner would have it. In view of all the information presented in Detective Promber's affidavit, the Jamestown City Court Judge had a substantial basis for concluding there was probable cause to search the basement apartment. It is therefore recommended that Garner's motion to suppress evidence seized pursuant to the search warrant be denied.

### C. *Good Faith Exception*

Garner's motion to suppress should also be denied based on the "good faith exception" established in *United States v. Leon*, 468 U.S. 897 (1984). Under *Leon*, evidence seized pursuant to a challenged warrant is admissible provided the police acted with objective and reasonable good faith, even if the judicial officer erred in finding probable cause. *Id.* at 922. Here, for the reasons stated above, the Court finds that the officers who executed the search warrant had a good faith basis to believe that the warrant was lawfully issued based upon a finding of probable cause. The warrant application certainly "was not 'so lacking in indicia of probable cause' that it was unreasonable for the officers to rely upon it." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (quoting *Leon*, 468 U.S. at 923). Thus, Garner's motion to suppress should also be denied on this alternative ground.[2]

### III. *Motion for a Bill of Particulars*

Garner requests a bill of particulars for each count of the Indictment in which he is implicated. (Dkt. No. 27 at 5-8). The government opposes the request. (Dkt. No. 32 at 3-6).

---

[2] Given the Court's recommended denial of Garner's motion to suppress, it need not address the government's alternative argument that the cost of applying the exclusionary rule outweighs the benefits. (*See* Dkt. No. 32 at 18-19).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal quotation marks and citation omitted). The Court "has the discretion to deny a bill of particulars 'if the information sought by defendant is provided in the indictment or in some acceptable alternate form.'" *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (quoting *Bortnovsky*, 820 F.2d at 574); *see also United States v. Messina*, No. 11-CR-31(KAM), 2012 WL 463973, at *10 (E.D.N.Y. Feb. 13, 2012) ("In determining whether a defendant has shown [the] necessity [for a bill of particulars], the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery.") (internal quotation marks and citation omitted). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

A bill of particulars is not warranted on Count 1 (Conspiracy to Distribute Cocaine, Methamphetamine, and Marijuana) because the alleged conspiracy spanned only six months and does not appear to have been particularly complex. *Cf. Barnes*, 158 F.3d at 666 ("[W]e have little hesitancy in saying that a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events

over a number of years, but provides only the bare bones of the charge . . . ."). Contrary to Garner's argument, the government is not required to particularize overt acts, specific dates, unnamed co-conspirators, and other details regarding the alleged conspiracy. *See United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975) ("There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]"); *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) ("The defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the . . . enterprise and conspiracy.") (quoting *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)).

Turning to the remaining counts, particularization is not required for Counts 6-8 (Distribution of Cocaine), Count 9 (Possession of Cocaine with Intent to Distribute), or Count 10 (Possession of Marijuana with Intent to Distribute) given that each of these counts is limited to a single day. *See United States v. Montalvo*, No. 11-CR-00366-RJA-JJM, 2014 WL 3894377, at *12 (W.D.N.Y. Apr. 16, 2014). Nor is particularization required for Count 11 (Maintaining a Drug-Involved Premises) because that count identifies the premises (840 East 2nd Street, Basement Apartment), the controlled substances involved (cocaine and marijuana), and the period of time Garner allegedly used and maintained that premises for the purpose of manufacturing, distributing, and using the controlled substances (May 2016). *See United States v. Pirk*, No. 1:15-CR-00142EAW, --- F. Supp. 3d ----, 2017 WL 3188482, at *25 (W.D.N.Y. July 24, 2017). The Indictment together with the discovery materials provided by the government will allow Garner to adequately prepare his defense and avoid prejudicial surprise and double jeopardy concerns.

*Bortnovsky*, 820 F.2d at 574.  Accordingly, Garner's motion for a bill of particulars is denied.

    IV.    *Motion for Discovery*

Garner moves for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16.  (Dkt. No. 27 at 8-19).  Rule 16(a) requires the government to disclose certain evidence and information upon the request of the defendant.  *See* Fed. R. Crim. P. 16(a)(1).  "Although Rule 16(a) provides a mechanism for liberal discovery, it was not intended to provide the defendant with access to the entirety of the government's case against him."  *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974).  Rule 16 provides that a defendant is entitled to the following:  (1) certain written, recorded, or oral statements of the defendant, Fed. R. Crim. P. 16(a)(1)(A), (B); (2) the defendant's prior criminal record, Fed. R. Crim. P. 16(a)(1)(D); (3) certain documents and objects, Fed. R. Crim. P. 16(a)(1)(E); (4) certain results or reports of examinations and tests or experiments, Fed. R. Crim. P. 16(a)(1)(F); and (5) expert witness information, Fed. R. Crim. P. 16(a)(1)(G).

In response to Garner's motion, the government states that it has produced "comprehensive voluntary discovery, including photos, lab reports detailing our expert witnesses and their findings, police reports, police video camera footage, as well as search warrants and returns listing all items seized during the searches," and, further, that it will produce expert disclosures and summaries as required by the assigned District Judge's pre-trial order.  (Dkt. No. 32 at 7-9).  The government's response adequately addresses Garner's request for documents and objects under Fed. R. Crim. P. 16(a)(1)(E), results or reports of examinations and tests under Fed. R. Crim. P.

16(a)(1)(F), and expert witness information under Fed. R. Crim. P. 16(a)(1)(G), but not Garner's request for statements under Fed. R. Crim. P. 16(a)(1)(A) and (B) or his request for his prior criminal record under Fed. R. Crim. P. 16(a)(1)(D).  Thus, unless it has already done so, the government is directed to immediately produce all written, recorded, and oral statements within the scope of Fed. R. Crim. P. 16(a)(1)(A) and (B) and Garner's prior criminal record under Fed. R. Crim. P. 16(a)(1)(D).  The government is reminded that its disclosure obligations continue up through and during trial.  See Fed. R. Crim. P. 16(c).

Garner also asks the government to disclose evidence it intends to use against him under Federal Rule of Evidence 404(b) and any evidence it intends to use to impeach his credibility under Federal Rules of Evidence 608 and 609.  (Dkt. No. 27 at 16).  With regard to Rule 404(b) and 608 evidence, the government conflictingly states that it intends to use such evidence at trial but that it has no such evidence.  (Dkt. No. 32 at 6-7).  Given the government's unclear response, the government is directed to provide Garner with an amended response specifying the nature of any Rule 404(b) or 608 evidence that it intends to use at trial.  Regarding Rule 609, the government states that it "intends to impeach the defendants with any past criminal history, including any probation or parole history, should any of them elect to testify at trial."  (Dkt. No. 32 at 7).  Accordingly, Garner's request for disclosure of Rule 609 evidence is denied as moot.

V.     *Motion to Reveal the Identities of Informants*

Garner moves to compel the government to reveal the identities of "all informants used by the government during any point of this case."  (Dkt. No. 27 at 19).  The government opposes Garner's motion.  (Dkt. No. 32 at 11-13).

The government has a qualified privilege to withhold information concerning confidential informants. *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957). Thus, "disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988). The defendant cannot meet this burden merely by showing that the informant participated in and witnessed the crimes alleged in the indictment. *Id.*

Garner has not met his burden for disclosure here because he has not shown that the testimony of any informant is material to his defense. His contention that "many of the informants . . . were participants in the criminality alleged in the Indictment" (Dkt. No. 27 at 19) is insufficient by itself to compel disclosure. *See Saa*, 859 F.2d at 1073. If and when the informants are called as witnesses at trial, Garner will have access to their identities as well as all relevant *Giglio* and Jencks Act materials. (*See infra* Points VII, IX). Accordingly, Garner's motion for disclosure of informant information is denied.

VI.     *Motion for Leave to Join in Co-Defendant's Motions*

Garner moves for leave to join in any motions filed by his co-defendant, Juan Pacheco, Jr. (Dkt. No. 27 at 20).[3] Although the government opposes the request (Dkt. No. 32 at 19), the Court will grant Garner's motion to the extent the motions he seeks to join in are applicable to his case and he has standing to join in them. *See Montalvo*, 2014 WL 3894377, at *1 n.6. Any decision by the Court as to Pacheco's pre-trial motions shall also be deemed to be the decision of the Court as to Garner, to the extent applicable.

---

[3]     Pacheco's pre-trial motions (Dkt. Nos. 21, 49) remain pending before the Court.

VII.  *Motion to Compel the Production of* Brady *Material*

Garner moves for the immediate disclosure of *Brady/Giglio*[4] material. (Dkt. No. 27 at 20-26; *see also id.* at 13-19). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144. "[T]he time required for the effective use of a particular item of evidence will depend on the materiality of that evidence . . . as well as the particular circumstances of the case." *Id.* at 146.

The government states that it "acknowledges its affirmative continuing duty to provide the defendant with exculpatory evidence, as well as evidence that the defense might use to impeach [the] government's witnesses at trial." (Dkt. No. 32 at 8). Given the government's representations, Garner's motion to compel the immediate production of *Brady/Giglio* material is denied. Consistent with *Coppa*, the government shall timely disclose *Brady* and *Giglio* material to Garner. *See United States v. Padovani*, No. 14-CR-00224-WMS-JJM, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).

VIII.  *Motion for Severance*

Garner moves for severance of his case from the case against his co-defendant, Juan Pacheco, Jr., arguing that there is both misjoinder under Fed. R. Crim. P. 8(b) and prejudicial joinder under Fed. R. Crim. P. 14. (Dkt. No. 27 at 27-28; Dkt. No. 53-1 at 6-7). A decision on this motion is best left to the discretion of the District Judge who will

---

[4]  *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

preside over the trial of this case. *See Montalvo*, 2014 WL 3894377, at *13. Therefore, Garner's severance motion is denied without prejudice to renewal before the assigned District Judge.

### IX.   *Motion for Disclosure of Jencks Act Materials*

Garner moves for the immediate disclosure of all Jencks Act materials. (Dkt. No. 27 at 28; *see also id.* at 17). Under the Jencks Act, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. §3500(b). Here, the government states that it will disclose such statements as directed by the assigned District Judge. (Dkt. No. 32 at 10).[5] Because the Court cannot compel the government to produce the remaining statements any earlier than is required under §3500, *see Percevault*, 490 F.2d at 129, Garner's motion for early disclosure of such statements is denied.

### X.   *Motion for Leave to File Other Motions*

Garner moves for leave to file other motions. (Dkt. No. 27 at 28). To the extent Garner requests to file other motions based upon new information or evidence that has not yet been disclosed, the request is granted. To the extent Garner intends to file other motions concerning issues that could have been raised prior to the previous motion deadline, his request is denied without prejudice to filing the motion upon a showing of good cause for the untimely filing.

---

[5]   The government also purports to "reserve[ ] the right to withhold witness statements until a witness has completed direct testimony where production of the witness' statement prior to trial would expose the witness to retaliation or danger to the witness or his family." (Dkt. No. 32 at 10). The government's reservation of rights should be directed to the assigned District Judge.

XI.     *Government's Motion for Reciprocal Discovery*

The government moves for reciprocal discovery under Federal Rule of Criminal Procedure 16(b). (Dkt. No. 32 at 23-24). Garner has not opposed the government's request. Therefore, the government's motion for reciprocal discovery is granted.

## CONCLUSION

For the foregoing reasons, it is recommended that Garner's motions to dismiss the Indictment and suppress evidence (Dkt. No. 27) be denied. Garner's non-dispositive pre-trial motions (Dkt. No. 27) are granted in part and denied in part as set forth herein. The government's motion for reciprocal discovery (Dkt. No. 32) is granted.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection***.

**SO ORDERED**.

Dated: November 30, 2017
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge